UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |  |
|---|---|---|
| IN RE NASHUA CORPORATION<br>S'HOLDERS LITIGATION | ) ) ) ) ) ) | CIVIL NO. 09-CV-188-SM |

## [PROPOSED] NOTICE ORDER

The parties having made application, pursuant to Rule 23 of the Federal Rules of Civil

Procedure, for an Order approving the settlement (the "Settlement") of the above-captioned

action (the "Consolidated Action") in accordance with a Proposed Class Action Settlement

effective as of July 2, 2009 (the "Stipulation"), which is incorporated herein by reference and

which, together with the accompanying documents, sets forth the terms and conditions for the

proposed Settlement of the Action, between plaintiffs Oscar Schapiro and Joel Gerber

("Plaintiffs") and Nashua Corporation ("Nashua"), Cenveo, Inc. and NM Acquisition Corp.

(collectively "Cenveo"), and the individual defendants (collectively, "Defendants"), and for a

judgment dismissing plaintiffs' claims in the Consolidated Action with prejudice upon the terms

and conditions set forth therein; and the Court having read and considered the Stipulation and the

accompanying documents; and all parties having consented to the entry of this Order;

IT IS HEREBY ORDERED this $\underline{14}$ day of July, 2009, that:

1.      For purposes of the Settlement only, and preliminarily, for purposes of this Order,

the Consolidated Action shall proceed as a class action, pursuant to Federal Rules of Civil

Procedure 23(b)(1) and 23(b)(2), by the plaintiffs in the Consolidated Action on behalf of all

record and beneficial stockholders of common shares of Nashua who held, owned, purchased or

sold common stock of Nashua at any time from the period beginning May 7, 2009 through and including the effective date of the merger between Nashua and Cenveo, including within the class the legal representatives, heirs, successors, successors in interest, predecessors, predecessors in interest, trustees, executors, administrators, transferees and assigns and any person or entity acting for or on behalf of or claiming under any such foregoing holders, immediate and remote, except for the Defendants and their "affiliates" and "associates" (as those terms are defined in Rule 12b-2 promulgated pursuant to the Securities Act of 1934) (the "Class"), and by plaintiffs' counsel as class counsel.

2.   The Court preliminarily approves the Settlement of the Action on the terms and conditions set forth in the Proposed Class Action Settlement as being fair, reasonable, and adequate to warrant sending notice of the proposed settlement to the Class and further consideration of the proposed settlement at the Hearing described in the paragraph 3 below.

3.   A hearing shall be held before the Court on OCT 19, 2009, at 9:30 am, United States District Court for the District of New Hampshire, Courtroom 5, 55 Pleasant Street, Concord, NH 03301 (the "Hearing"), for the purposes of: (a) determining whether the proposed Settlement of the Consolidated Action on the terms and conditions provided for in the Stipulation is fair, reasonable, adequate and in the best interests of the Class and should be approved by the Court, and whether the Order and Final Judgment provided for in the Stipulation should be entered thereon; (b) determining whether the Consolidated Action should be finally certified as a class action; (c) considering the application of plaintiffs' counsel for an award of attorneys' fees and expenses to be paid by Nashua or its successor; and (d) ruling on such other matters as the Court may deem appropriate. The Court may adjourn the Hearing (including consideration of the application for an award of attorneys' fees and expenses) or any

-2-

adjournment thereof without further notice to the Class other than by announcement at the
Hearing or any adjournment thereof.

4.     The Court approves, in form and content, the Notice of Pendency of Class Action,
Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") attached as
Exhibit C to the Stipulation and finds that the mailing and distribution of the Notice substantially
in the manner and form set forth in Paragraph 4 of this Order meets the requirements of Rule 23
and due process, is the best notice practicable under the circumstances, and shall constitute full
and adequate notice to all persons entitled thereto.

5.     (a)     No less than sixty days before the Hearing, Nashua shall cause a copy of
the Notice to be mailed by first class mail to the members of the Class who were stockholders of
record of Nashua at any time from May 7, 2009 through and including the effective date of
Nashua's merger with and into an affiliate of Cenveo, Inc. as shown on the stock records
maintained by or on behalf of Nashua. Defendants shall use reasonable efforts to give notice to
beneficial owners of Nashua's common stock by making additional copies of the Notice
available to any record holder requesting the same for the purpose of distribution to beneficial
owners. Defendants will pay all costs and expenses related to the Notice.

(b)     At or before the Hearing, defendants shall file proof, by affidavit, of such
mailing.

6.     At the Hearing, any member of the Class who desires to do so may appear
personally or by counsel, providing that an appearance is filed and served as hereinafter
provided, and show cause, if any, why the Settlement of plaintiffs' claims in the Consolidated
Action should not be approved as fair, reasonable, adequate and in the best interests of the Class,

-3-

why judgment should not be entered dismissing plaintiffs' claims asserted against all of the

defendants with prejudice against plaintiffs, and the Class, as determined by the Court, or why

the Court should not grant an allowance of fees and expenses to plaintiffs' counsel for their

services herein and expenses incurred; provided, however, that no member of the Class or any

other person opposing the Settlement or any provision thereof shall be heard or entitled to

contest the approval of the terms and conditions of the Settlement and, if approved, the judgment

to be entered thereon and the allowance of fees and expenses to plaintiffs' counsel, and no papers

or briefs submitted by any member of the Class or any other person shall be received and

considered, except by Order of the Court for good cause shown, unless, no later than ten days

prior to the Hearing, copies of (a) a notice of intention to appear, (b) proof of membership in the

Class, (c) a detailed statement of such person's specific objections to any matter before the Court

(d) the grounds for such objections and any reasons for such person's desiring to appear and to

be heard, as well as all documents and writings such person desires this Court to consider, and

(e) a statement advising the Court and the parties of any court proceeding in which said objector

and his counsel has made an objection to a class action settlement within the past three years

identifying the past objections made by case name, docket number and court, shall be served

upon the following counsel:

> Evan J. Smith, Esquire
> BRODSKY & SMITH LLC
> Two Bala Plaza, Suite 602
> Bala Cynwyd, PA  19004
>
> Samuel Rosen, Esquire
> HARWOOD FEFFER
> 488 Madison Avenue, 8th Floor
> New York, NY 10022
>
> ***Co-Lead Counsel for Plaintiffs***

-4-

John F. Batter III, Esquire
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA 02109
*Counsel for Nashua Defendants*

Kevin T. Abikoff, Esquire
Hughes Hubbard & Reed LLP
1775 I Street, N.W.
Washington, D.C. 20006
*Counsel for Cenveo, Inc. and NM Acquisition
Corp.*

and then filed with the Clerk for the Court. Unless the Court otherwise directs, no member of the

Class shall be entitled to object to the Settlement or to the judgment to be entered herein, or to

the award of attorneys' fees and expenses to plaintiffs' counsel, or otherwise to be heard, except

by serving and filing written objections as described above. Any person who fails to object in the

manner provided above shall be deemed to have waived such objection and shall forever be

barred from making any such objection in this Consolidated Action or in any other action or

proceeding.

7.      If the Settlement provided for in the Stipulation is approved by the Court

following the Hearing, judgment shall be entered in the form attached as Exhibit D to the

Stipulation.

8.      Except as otherwise provided in the Stipulation, all pre-trial proceedings in this

Consolidated Action, except for such proceedings ordered by the Court with respect to approval

of the Settlement, are stayed and suspended until further order of this Court.

9.      In the event that: (a) the Court declines, in any respect (except for a disallowance

or modification of the fees and/or expenses sought by plaintiffs' counsel), to enter the Order and

-5-

Final Judgment provided for in the Stipulation and any one of the parties hereto fails to consent

to the entry of another form of order in lieu thereof; (b) the Court disapproves the Settlement

proposed in the Stipulation, including any amendments thereto agreed upon by all of the parties;

or (c) the Court approves the Settlement proposed in the Stipulation or any amendment thereto

approved by all of the parties, but such approval is reversed or substantially modified on appeal

and such reversal or modification becomes final by a lapse of time or otherwise; then, in any of

such events, the Stipulation, the Settlement proposed herein (including any amendments thereof),

any qualification of plaintiffs as appropriate representatives of the Class or of plaintiffs' counsel

as counsel to the Class, and any actions taken or to be taken with respect to the Settlement

proposed in the Stipulation and the Order and Final Judgment to be entered, shall be of no further

force or effect and shall be null and void, and shall be without prejudice to any of the parties

hereto.

    10.    The Court reserves the right to approve the Stipulation and the Settlement with

modifications and without further notice to members of the Class, and retains jurisdiction over

the Consolidated Action to consider all further applications arising out of or connected with the

proposed Settlement.


                                        _____
                                        Steven J. McAuliffe, Chief Judge
                                        United States District Court

Dated: July 14, 2009

US1DOCS 7206474v2