UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

|  |  |
|---|---|
| IN RE NASHUA CORPORATION<br>S'HOLDERS LITIGATION | ) ) ) ) ) ) ) CIVIL NO. 09-CV-188-SM |

## ORDER AND FINAL JUDGMENT

WHEREAS, the Proposed Class Action Settlement, effective as of July 2, 2009 (the "Settlement"), in the above-captioned action (the "Consolidated Action") was presented at the settlement hearing held on October 19, 2009 (the "Settlement Hearing"), pursuant to the Notice Order entered herein on July 14, 2009;

WHEREAS, the Stipulation was joined and consented to by all parties to the Consolidated Action and (along with the defined terms therein) is incorporated herein by reference;

WHEREAS, pursuant to the Notice Order, this Court preliminarily certified the Class (as defined below);

WHEREAS, the Notice of Pendency of Class Action, Proposed Settlement, Settlement Hearing and Right to Appear (the "Notice") has been disseminated to the Class in accordance with the Scheduling Order; and

WHEREAS, the Court, having heard and considered the evidence in support of the proposed settlement embodied in the Settlement at the Settlement Hearing; the attorneys for their respective parties having been heard; an opportunity to be heard having been given to all other persons requesting to be heard in accordance with the Notice Order; the Court having determined

that notice to the stockholders of Nashua Corporation ("Nashua") and the Class was full, adequate and sufficient; and the entire matter of the Settlement having been heard and considered by the Court;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED, this 19th day of October, 2009, that:

1. Based on the record of the Consolidated Action, each of the provisions of Rule 23(a) of the Federal Rules of Civil Procedure has been satisfied and the Consolidated Action has been properly maintained according to the provisions of Rules 23(b)(1) and (b)(2). Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable, (b) there are questions of law or fact common to the Class, (c) the claims or defenses of the representative parties are typical of the claims or defenses of the Class and (d) the representative parties have fairly and adequately protected the interests of the Class.

2. The Consolidated Action is certified as a class action, pursuant to Rules 23(b)(1) and (b)(2) of the Federal Rules of Civil Procedure, on behalf of a Class consisting of all record and beneficial stockholders of common shares of Nashua who held, owned, purchased or sold common stock of Nashua at any time from the period beginning May 7, 2009, through and including the effective date of the merger between Nashua and Cenveo, including within the class the legal representatives, heirs, successors, successors in interest, executors, administrators, predecessors, predecessors in interest, trustees, transferees and assigns, and any person or entity acting for or on behalf of or claiming under any such foregoing holders immediate and remote, except for the Defendants and their "affiliates" and "associates" (as those terms are defined in Rule 12b-2 promulgated pursuant to the Securities Act of 1934) (the "Class"). Oscar Schapiro and Joel Gerber are permanently certified as representatives of the Class, and it is found that the

representatives were adequately represented by Brodsky & Smith LLC and Harwood Feffer LLP, as Co-Lead Counsel, and Shaheen & Gordon, P.A. and Ransmeier & Spellman, P.C. as Co-Liaison Counsel, and that the representatives fairly and adequately protected the interests of the Class.

3.  On or before April 18, 2009, the Notice was disseminated, as provided for in the Scheduling Order, and as stated in the proof of mailing filed with the Court by defendants. The form and manner of notice given to the Class is hereby determined to have been the best notice practicable under the circumstances, to have been given in full compliance with the requirements of due process and Rule 23, and to constitute full and adequate notice to the Class.

4.  All members of the class are bound by the Order and Final Judgment entered herein, as full and adequate notice of the proceedings was given and as a full opportunity to be heard was provided to members of the Class.

5.  The Settlement and all transactions preparatory or incident thereto are found to be fair, reasonable, adequate and in the best interests of the Class, and it is hereby approved. The parties to the Settlement are directed to comply with, and to consummate, the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

6.  This Order and Final Judgment hereby dismisses the Consolidated Action with prejudice and fully, finally and forever releases all "Released Claims" against all Defendants and the Defendants' Affiliates. The Defendants include each named defendant in the Consolidated Action and the Defendants' Affiliates include any of the Defendants' respective families, affiliates, parents, or subsidiaries and each and all of their respective past, present or future

officers, directors, stockholders, members, employees, agents, attorneys, advisors, insurers, accountants, trustees, financial or investment advisors, commercial bankers, persons who provided fairness opinions, investment bankers, associates, representatives, general partners, limited partners, partnerships, heirs, executors, personal representatives, estates, administrators, predecessors, successors and assigns (the "Defendants' Affiliates".)  The Released Claims include the Consolidated Action and all claims, rights, demands, suits, matters, issues, or causes of action, liabilities, damages, losses, obligations and judgments of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future might be asserted in the Consolidated Action or in any court, tribunal or proceeding, (including, but not limited to, any claims arising under federal, foreign, or state law related to the alleged breach of any duty, negligence, violations of the federal securities or antitrust laws or otherwise) by the Plaintiffs, or by or on behalf of any member of the Class, whether in an individual, class, direct, derivative, representative, legal, equitable, or any other type of capacity against each and all of the Defendants whether under state, foreign, or federal law, including but not limited to the federal securities or antitrust laws (except for the rights conferred by this Settlement) and whether directly, derivatively, representatively or arising in any other capacity, in connection with, or that arise out of, any of the allegations, facts, practices, events, transactions, acts, claims that were or could have been brought in the Consolidated Action, or that arise now or hereafter out of, or that relate in any way to, the acts, facts or the events alleged in the Consolidated Action, including without limitation the Supplemental Disclosure, the Proxy Statement, the Proposed Transaction and the other transactions contemplated by the Merger Agreement, the negotiation and consideration of the Merger Agreement and the transactions contemplated by the

Merger Agreement, including, without limitation, the Merger, and any agreements and disclosures relating thereto, and any acts, allegations, facts, matters, events, transactions, occurrences, statements, conduct, representations, misrepresentations or omissions relating to or arising out of the subject matter referred to in the Consolidated Action, and the fiduciary and disclosure obligations of any of the Defendants or Defendants' Affiliates with respect to any of the foregoing (whether or not such claim could have been asserted in the Consolidated Action) *provided* that the Released Claims shall not include any rights that may be available under Massachusetts law to seek appraisal of the value of their shares pursuant to Mass. Gen. Laws ch. 156 D § 13.01 et seq.

7. This Order and Final Judgment hereby fully, finally and forever releases, relinquishes and discharges all claims that defendants now have or may in the future have against plaintiffs Oscar Schapiro and Joel Gerber and plaintiffs' counsel arising out of plaintiffs' and plaintiffs' counsel's filing and prosecution of this Consolidated Action.

8. This Order and Final Judgment shall not constitute or be construed to be an admission of, or evidence of, the validity or lack of validity of the Released Claims, or of any wrongdoing or liability of any party, or deemed to be or used as an admission of, or evidence of any fault or omission of any party in any civil, criminal or administrative proceeding in any Court, administrative agency or other tribunal. The parties to this Settlement or any of them may file this Order and Final Judgment and/or the Settlement in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim.

9. Plaintiffs' attorneys are hereby awarded fees and expenses in the amount of $175,000., in connection with the Consolidated Action, which fees and expenses the Court finds to be fair and reasonable.

10. Without affecting the finality of this Order and Final Judgment in any way, the Court reserves jurisdiction over all matters relating to the administration and consummation of the Settlement in accordance with the Settlement.

Dated: October /9, 2009

UNITED STATES DISTRICT COURT

400322